Good morning, Your Honors. My name is Anne Voits, and I represent the government in this case. With the Court's permission, I ask to reserve two minutes of my time for rebuttal. The District Court here erred in setting aside the jury's verdict based on an error that wasn't raised by the parties and that didn't impact the proceedings. This Court should reverse for three reasons. First, because the District Court did not apply plain error, a standard that defendant concedes on appeal the Court should have. Second, because the District Court made no prejudice under any standard. And third, because there was no prejudice under any standard. Because in this case the jury verdict would have been the same absent the error, this Court should reverse. Reverse or reverse and remand? This Court should reverse because remand in this case would not be necessary for two reasons. First, because the lack of impact in this case is obvious. The missing element here was both undisputed and it was supported by overwhelming evidence. Well, if we go really under plain error review and the Court doesn't apply the plain error review, I guess I'm having a tough time understanding why I can only reverse. I think if I do plain error review and it wasn't done correctly, which everybody seems to agree, I don't know why it shouldn't be remanded to the District Court to say, well, I didn't do it right, I better do it right. Well, the second reason here is because the District Court judge who would be in no better position than this panel to make the determination of prejudice, because that District Court judge would also be reviewing the record itself and wouldn't have the benefit of having presided over the trial. Moreover, if this Court looks at the evidence in this case, as we submitted, it was overwhelming that here the issue was the specified problem. Do I have a good case that says that if I find that there's plain error review problem that I can decide right now what I should do and just do it as a circuit court? This Court can make that determination. What's your best case for that? We'd submit that Nieder. Nieder? Okay. Because in Nieder they undertook the analysis, in that case it was for harmlessness, but they did undertake that error in that case in front of the Supreme Court. We'd submit also in this Court's cases in Al-Ghazouli and Alfarin. This Court has also made a determination of whether there was plain error or not. In this instance, the element that was missing... Well, I think the difference, though, may be that in those cases, if I'm recalling them correctly, that the issue had been raised, at least. That is correct, but in this... I mean, the question of prejudice is a separate one from plain error in a sense. It falls into the analysis, but the District Court's actually in a better position probably to assess prejudice than we are. Would you agree? I think not in this case where, as we said, the lack of impact I think is so obvious on this record, and again where it wouldn't be remanded to the original District Court judge. Again, the District Court judge would be... You don't want to count too heavily on that. Whoever gets the case, even if it's the original judge, he's going to decide on the record. He's not going to decide on some independent memory of what happened. Isn't that true? Well, typically when the case is remanded, if the District Court has presided over it previously, presumably the court has memory of what the witnesses were like. Maybe so, but they don't... Let's just hope they don't start relying on their memory. You've got to have a record, and the record is what's going to be reviewed. Correct, but the record here we've submitted... And any judge can do it. Correct, but we would submit that this panel would be in essentially the same position as a new District Court judge in looking at the issue. With respect to whether the issue was undisputed, the defendant here conceded in the pretrial conference statements that the... Before we leave that, I want to ask one more question. Is that a decision I must make, or is that a decision that under standard review I have the discretion to decide? We believe this Court has the discretion to make that determination. With respect to whether the issue was undisputed, as we conceded below in the pretrial conference statements that these were among the undisputed facts, that the proceeds here came from the sale of stolen property. Right, but I gather in the pretrial conference that the element was not stipulated to. Correct. It was... And your argument is that the facts were clear, but there's no stipulation that this element was satisfied for the crime. That's correct. The government bore the burden of... I mean, it's unusual. Of course, it's unusual for the government to be arguing first in these matters, but it's also unusual for a district court to undertake analysis saying, I gave a wrong jury instruction, I missed the element of the crime, I'm going to correct myself before the Ninth Circuit does, and let's have a new trial. And generally speaking, we think that was probably a laudable thing to do, to catch an error, which is a clear error. There's no question about that, is there? No, we would... Although we would submit that it was an error that was primarily technical. Having said that, it is... Technical meaning not an error? Meaning... No, we concede that it was an error and that it was plain. It was plain. But that here, the distinction was that they were... The SUA was specified in the other instructions. The problem is that it wasn't submitted explicitly as a separate element for the jury to decide, and so there's a possibility that the jury did not decide it, which brings us under the Nieder analysis. But... Judge Chalmers, you're absolutely correct that we want the district court to notice its errors, but at the same time, the district court shouldn't set aside a jury's verdict based on an error that had no impact on the proceedings. And here, the test under Nieder is whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element. And in this instance, it's clear that that record simply doesn't contain any contrary evidence. Here, the two checks at issue, one from ALTATEC, one from TDC, were entered into evidence with the names on it. It was those checks that were deposited. There was testimony that those checks came from the sale of Cisco equipment, and there was testimony from a Cisco investigator that that equipment had been stolen. There was also the testimony of Jan Ebyam and Christian Pantages that they had gotten that equipment by stealing it off of a Watkins motor line facility and truck. In this case, there simply wasn't any dispute. The only dispute at trial was what the defendant actually knew. And this court shouldn't... The lack of impact was obvious in this set of circumstances. Accordingly, I see that I'm running close to my time for rebuttal. If the court has no further questions, I'd ask to reserve the balance of my time. Thank you, counsel. Thank you very much. Good afternoon, and may it please the court. My name is Ed Swanson, and I represent the appellee, Jamie Harmon. The issue before the court is whether to reverse the district court's decision to grant a new trial. And the question is, did the district court abuse its discretion in granting the new trial? It did not. It applied the correct standard. It applied it correctly. How did it apply the correct standard? The court applied the plain error standard, and we can see that in... I had a tough time understanding if it was applying the plain error standard that it went through the steps. Here's... Where did the court ever discuss or address substantial rights of the defendant? Your Honor, here's how it set out its standard so that the court, this court, could know that it was applying plain error. The first thing it did is it identified two cases on which it was relying for the legal standard. Those cases, Reccio and Perez, it cited, it pin-cited to the section of those cases as plain error, not harmless error, plain error in the context of a jury instruction that is being reviewed for the first time by the district court that wasn't objected to below. So because it didn't say anything about plain error but it cited a couple of cases that deal with plain error, I was to automatically understand it went under a plain error review? No, Your Honor, because the court then conducted plain error review, and here's how it did it. First of all, it didn't just say that the error prejudiced the defendant. That would have been that the error prejudiced the defendant such that it deprived her of a fair trial. As the court knows, conducting plain error review, there are four steps. First, was there error? That's stipulated, too. Second, was it plain? That's stipulated, too, by the government here. The third is, did it affect substantial rights? And the fourth is, did it undermine the fairness of the trial? The court found, first, when it set out the standard, that what it had to find was whether the deficient instruction prejudiced the defendant's right to a fair trial. What the court then found was that the lack of the finding by the jury on that element deprived the defendant of a fair trial. That is plain error review. It didn't say plain error review. It cited the standard for plain error review. And that standard is the standard that it applied. In applying it. Well, I saw in there, and I guess I have a little bit of difference in what I saw, I saw that the judge said the defendant was deprived of a fair trial, but I didn't see any place in there where the district court ever reviewed whether the trial would be different, which to me is the fourth problem. And here's where the court did that, Your Honor. On page 16 of the court's order, the court said, without identifying the specified unlawful activity, it is impossible for a fact finder to determine if the government has met its burden to prove that one of the enumerated felonies actually took place and that the defendant was conducting a financial transaction with proceeds of that felony. The court found it was impossible, given that instruction and given this record, for a fact finder to determine whether the jury had actually made the finding that was required to find. The problem with this instruction was that it allowed the jury to find that the proceeds that were used in the money laundering were from a prior state or federal felony, not necessarily a specified unlawful activity, which is what it was required to find. And Judge Ware had noted during the trial, on a couple of occasions, that there was genuine confusion about this in the record. He asked the prosecution at one point, what's your theory? What is the specified unlawful activity that we're looking at here? And outside the presence of the jury, the prosecution said, oh, it's the theft of goods from the, the theft of the computer parts and the resale of those parts. But the court said, well, there's a lot of evidence here that we're seeing of that. And he said, that's not our theory. But the court itself, in the middle of trial, expressed confusion about this. The jury instruction then went to the jury without clarifying that question, that this had to be the specified unlawful activity of the sale of stolen parts that were taken in interstate commerce. It wasn't corrected in the instructions that applied to money laundering. It was, however, correctly stated in the one instruction on the conspiracy to commit money laundering count. In that instruction, the jury had to find that the proceeds that were used to commit the crime were indeed proceeds from a specified unlawful activity, namely, and it explained, this was proceeds from the sale of goods that had been stolen from a vehicle, storage facility, or depot, while the goods constituted an interstate shipment. When they were presented with that instruction, the jury hung. The only difference between the instruction on the substantive counts and the instruction on conspiracy was, conspiracy requires an agreement, an overt act, and the jury had the proper instruction on specified unlawful activity. The jury found the jury was instructed, you have to find that when she issued each respective check, defendant knew that the issuance of the check was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of a prior theft of property from an interstate shipment. That's correct, Your Honor. And that did not solve the problem for two reasons. The instruction that the jury had to figure out where did the funds come from only told them that they had to find the funds constituted a felony under state or federal law. Subsequently, that was the third element of the instruction on the substantive money laundering counts. The fourth was the one Your Honor just referred to. But that one is defective in solving the problem with the third element in two regards. First, it does not clarify that the money that was actually the subject matter of the money laundering had to be the proceeds of a theft of property from an interstate shipment. But more important, that language there... I mean, after reading that instruction, it's a little hard for me to understand how the jury would not have known that the checks were derived from theft of property from an interstate shipment. And here's the problem, Your Honor. The instruction that the jury was given under conspiracy made it very, very clear what that underlying illegal activity was. And that was sale of goods stolen from a vehicle in interstate commerce. The fourth element of the substantive money laundering instruction only talked about proceeds of a prior theft of property from an interstate shipment. As Judge Ware pointed out in his colloquy with the government during the trial, there were two possible explanations here of what was the underlying illegality of these funds. Stealing parts from computers, a computer company, and shipping them that had been shipped, and then reselling them, excuse me. Or was it stealing the checks themselves? And there was substantial testimony offered by Pantages, by the attorney for the co-defendant Ebbium, that what had happened is Pantages had stolen these checks, given them to Ms. Harmon, and she deposited them. And so that could well be, since those were taken from a FedEx shipment, the theft of property from an interstate shipment. That instruction didn't clarify that we're talking about the computer parts. Judge Ware sat through this trial, understood the confusion. He asked at one point of the government, will you amend the indictment to clarify what we're talking about here? What's the underlying specified unlawful activity for the money laundering? The government elected not to do so. This instruction went to the jury, and at the end of the case, the judge was faced with the fact that on the substantive counts, the jury had convicted. On the conspiracy count, the jury had hung. And the difference between those two was principally that in the conspiracy count, we had the proper description of the underlying funds, what that source was. And in the substantive counts, we did not. And so the Court did the remarkable step of going back and looking at the jury instructions, trying to figure out. Without assistance of counsel. Without the assistance of counsel. Yes. That is right. It had to do it on its own. I mean, the question that comes up naturally is if this were so important at trial, why didn't counsel object? Why didn't say this jury instruction is missing in elements? Make some motion? And would the trial counsel have done that, Your Honor? Yes. But I was not, and trial counsel did not. And so what happened. It's good you said I was not. What happened, though. I mean, but in the real world, when we're talking about does this error mean anything, especially after Nieder, we look at what, I often look to what people argued. And what was the thrust of the case? What was the jury considering? And I don't think this element seemed to be, at least until the, as you point out, the inconsistent verdicts, if there are truly inconsistent verdicts, there didn't seem to be a big deal. No one seemed to care about this issue. It was an issue that Chief Judge Ware, watching this trial, observed was creating confusion. And when he looked at the evidence that had gone to the jury, notwithstanding what was said in closing arguments, when he saw what actually had happened in his courtroom, he found that this instructional error made it impossible to determine if the government had proven this element beyond a reasonable doubt. And I just want to point out. Now, if I find that he did not follow the plain error analysis, what would you advise me then to vote? Well, Your Honor, this was plain error. I know you say that he followed the analysis. I've seen plain error analysis, and I don't think Ware followed it. If that's my view, what do I do in your view? Your Honor, you find that this was indeed plain error, because this was an instructional error on an issue that, as Judge Ware correctly found, whether the court feels this was, in fact, plain error, as I would submit the record shows, or if it were not, what the court did find, as a matter of fact, was that it was impossible on this record for the fact finder to determine now what the jury had found regarding the underlying funds. Well, I'd never heard of such an idea. It's my idea that when I find that the court did not follow the plain error analysis, I send it back for review under plain error analysis by the district court. What you're suggesting that I do is say, well, okay, I'm going to find plain error, and then what I'm going to find is after the plain error, that nonetheless there's no problem, and therefore I can Your Honor, what I'm saying is that the record that was before the Chief Judge was one that demonstrated there was plain error. I would submit, based on the authority he cites and on the language of his order, that that's exactly what he did this time. Well, that wasn't my argument. But I'm saying That wasn't my question. But if My question was, if he didn't follow the analysis, what do you ask me to do? So here's the only difference, I think, Your Honor, from what you would do now. If the court finds that he followed the analysis, this court obviously reviews this for an abuse of discretion to determine whether this is one of those rare and egregious cases where the court will overturn a district court's grant of a motion for new trial. If the court finds that that was not the plain error analysis, then this court can conduct that analysis, or the court can remand. I think either of those is available to the court. What I'm saying is that I think, based on the record before the court, we had plain error analysis identified, and what ought to happen is this matter should go back for a new trial to see that when the jury is given the right instructions on the substantive counts as well as on the conspiracy count, they come up with a different result, because we know when they were given the right instruction on the conspiracy count, they aren't. What in this record says to us that the jury would have reached a different result had it been, quote, properly, end of quote, instructed? Gershengorn Your Honor, if I may. The analysis the court refers to is essentially the Nader. Scalia The answer may be nothing. Gershengorn I beg your pardon? Scalia The answer may be nothing. Gershengorn Well, in Nader, what the court found, and that's sort of the analysis the court's referring to, is if there's a missing element and here's the evidence and here's the whole, we can put the evidence in and that completes the problem. In this situation, they had answered the question. We do not know. The court says it's impossible to determine. How did they answer that question? And what the government is asking this Court to do is remove that answer and put in its own answer and say, well, there we go. That solves the problem. But this is a case where, in fact, there were disputes, factual disputes, about both what was the source of that money and was the source of that money illegal. That would take a little more time. But I would ask the Court to uphold Chief Judge Ware's ruling and allow this case to go back to trial to be properly instructed. Roberts Thank you, counsel. So nobody wants the district court to decide plain error analysis. Is that right? Kagan I think we'd all like to cut to the chase, if possible, Your Honor. Roberts Well, and truth be told, we do plain error analysis when there's no objection before the district court. So district judges often don't do plain error analysis. The peculiar issue in this case is that here's a district judge whom you say should have conducted plain error analysis. And as my friend Judge Smith says, when we see a failure by the district judge to conduct some analysis, we usually send it back. So even though it's plain error analysis, what makes that different? Brad, would you start the clock? Roberts No, thank you. Roberts No, you've got a break there. Kagan Because here the difference is that there's not really a utility to sending it back where the determination is so straightforward as it is here. Here, even in their briefs on appeal, defendant hasn't argued that in this case the proceeds didn't come from the sale of Cisco. Their argument is that it is impossible to tell what the jury found. But that's actually not the test. The test under Nieder is would the result have been different if they'd been correctly instructed, as Judge Ferris pointed out? Roberts So what do you make of Judge Ware's statement in his order, that without the identifying the specified unlawful activity, it's impossible for a fact-finder to determine if the government met its burden to prove one of the enumerated felonies? Kagan With respect to that, first, I'd note that that statement comes in connection with the indictment, not with the actual jury instruction. Second, I think as a factual matter, that's simply incorrect. When the Court looks at the instructions, the Court specifically defined proceeds as profits derived from the sale of stolen goods and went on further to define goods that had been stolen from a vehicle storage facility or depot. It then incorporated that definition again with respect to the substantive counts here, the counts of conviction. And so really there was no doubt, particularly when they were told in the government's closing, first, that the issue of who could have taken the checks or who could have deposited them was not, in fact, an issue, that the jury didn't need to worry about that. That the issue, and when they were presented with the proper element, broken out separately, saying you have to find that the proceeds were from property stolen from an interstate shipment, and listed all of the evidence that established in this case that the two checks that were deposited came from the sale of stolen Cisco equipment. Under the proper analysis, we'd submit that the answer in this case is a clear one. With respect to the question of an inconsistent verdict, we'd simply note that in this case the jury didn't acquit on the conspiracy count. It simply hung. And so the case law that holds that we don't use inconsistent verdicts, that they essentially we can't inquire into the reasons for them, apply with particular force in this case. And finally, with respect to the issue of the Court's doubt, the three times that the issue arose over what the specified unlawful activity was, and those are at ER 1229, 1326, and 1414, was in the context of crafting appropriate jury instructions. And we'd submit that the jury instructions that the Court ultimately did craft did specify what the SUA was. The problem with the instructions was that they didn't ask the jury to decide that. And unless the Court has any further questions, I'm happy to submit. I guess I've just got one practical question, and that's let's assume that we end up agreeing with you. And the case, the conviction stands. Don't you think that the defendant has a pretty good 2255 motion for ineffective assistance of counsel for failure to object to this instruction? And because your argument here, it's not plain error, that doesn't necessarily mean it's not reversible error if counsel had objected. I'd note two things. First, the defense hasn't raised at any point a claim of ineffective assistance of counsel. That would be premature. Correct. But second, there would be, there's no error in failing. They should have objected, but where the error didn't ultimately affect the outcome of the trial, that wouldn't warrant reversal of the conviction on that 2255. Any further questions? Your position is the Court's bottom line should be what? This Court should reverse and remand for sentencing. But in the alternative, if this Court decides that it cannot reach the question of plain error on its own, then it should reverse for a district court to make Oh, now you're hedging a little. It's all right. You're allowed. You're allowed. Thank you. Any further questions? No further questions. Thank you both for your arguments. Cases will be submitted.
judges: Farris, Thomas, Smith